UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7368 FMO (ASx) | Date | October 31, 2022 |
|---|---|---|---|
| Title | Vivian Rosa v. The Prudential Insurance Company of America | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):
None Present                            None Present

**Proceedings:**     (In Chambers) Order to Show Cause Re: Venue

On October 11, 2022, plaintiff Vivian Rosa ("plaintiff") filed a complaint against defendant The Prudential Insurance Company of America ("defendant") appealing the denial of disability benefits under an employee benefit plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.  (See Dkt. 1, Complaint).

Although plaintiff contends that venue is proper in this District, (see Dkt. 1, Complaint at ¶ 5), she does not allege any facts showing that the events giving rise to this litigation occurred in this district, nor does she allege where any of the defendants reside.  (See, generally, id.); 28 U.S.C. § 1391(b).

Under ERISA, an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[.]"  29 U.S.C. § 1132(e)(2).  Here, plaintiff asserts that venue is proper because defendant "may be found in this district[,]" (Dkt. 1, Complaint at ¶ 5), but offers no supporting allegations regarding defendant's presence in this District for purposes of ERISA jurisdiction.  Instead, plaintiff merely offers general allegations regarding defendant's presence in California.  (See id.) (alleging that defendant "has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state").   Nor does the Complaint indicate any other basis for venue in this District under 29 U.S.C. § 1132(e)(2).  (See, generally, Dkt.).  Thus, it appears that the action's only connection to this District is that plaintiff's counsel is based in Ontario, California.  (See Dkt. 1, Complaint at p. 1).

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff shall file a First Amended Complaint no later than **November 10, 2022**, that addresses the issues referenced above.

2. The First Amended Complaint must be labeled "First Amended Complaint," filed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-7368 FMO (ASx) | Date | October 31, 2022 |
|---|---|---|---|
| Title | Vivian Rosa v. The Prudential Insurance Company of America | | |

compliance with Local Rule 3-2, and contain the case number assigned to the case. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make her First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

    3. Plaintiff is cautioned that failure to timely file a First Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41; Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (explaining that when a case lays venue in the wrong district, 28 U.S.C. § 1406(a) "requires a transfer, however, only in cases where it is in 'the interest of justice.'").

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |